HATTIE C. HARBERS ET AL. v. SAMUEL LEVY ET AL.

Decided November 12, 1903.

**Homestead—Fraudulent Conveyance—Notice.**

See the opinion for the substance of proof held abundant to put the plaintiff on notice of the homestead nature of the property involved, the fraudulent character of the notes executed and on which the action is based, and hence to have demanded a contrary judgment.

Appeal from the District Court of Brazos. Tried below before Hon. J. C. Scott.

*Taliaferro & Armstrong, V. B. Hudson,* and *S. R. Henderson,* for appellants.

*A. C. Brietz, Ford, Ford & Nage,* and *Doremus & Butler,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought by Samuel and Julius Levy, partners composing the firm of Levy Bros., against Hattie C. Harbers and Albert, Fred, Clem, Elma and Hattie Ray Harbers, to foreclose a vendor's lien upon two parcels of land situated in the county of Brazos, for the payment of a balance due upon two promissory notes alleged to have been executed by A. H. Harbers and the said Hattie C. Harbers, his wife, to A. D. McConnico in part payment of the purchase money for the land described in the petition, which had been conveyed to the said A. H. Harbers by the said A. D. McConnico; and it was alleged that the notes had been transferred to the plaintiffs for a valuable consideration before maturity. It was further alleged that the said A. H. Harbers had died intestate and insolvent, and that there had been no administration and no necessity for any, and that he had left as his sole heirs the said Hattie C. Harbers, his surviving wife, and their children, the said Albert, Fred, Clem, Elma and Hattie Ray Harbers. The three last named children were alleged to be minors. Sam R. Henderson was appointed by the court as guardian ad litem for the minor defendants.

The defendant Hattie C. Harbers pleaded non est factum to the execution by her of the notes and deed; and also that they were executed by the said A. H. Harbers for the purpose of furnishing security to borrow money, and were void and were of no binding force, because the land was the homestead of herself and the said A. H. Harbers. There was a trial to the court without a jury which resulted in a judgment in favor of the plaintiffs, establishing a vendor's lien against the land for the balance due on the notes sued on amounting to $781.90, and ordering that the same be sold for the payment of the sum adjudged to be due, the surplus, if any, to be paid to the defendant Hattie C. Harbers.

A. H. Harbers and A. D. McConnico were partners in business as in-

surance agents. Harbers was pressed for money and was considerably indebted to his firm. He owed bills around town and needed money to pay them. The land upon which the plaintiffs seek to establish the vendor's lien was the homestead of Harbers and his wife, and had been for many years. In order to raise money, with the homestead as security, Harbers executed a deed on January 28, 1896, to A. D. McConnico for the two tracts of land described in the petition which was the homestead, reciting a cash consideration of $2500 no part of which was paid. The deed purported to have been signed also by the defendant, Hattie C. Harbers, and to have been duly acknowledged and proven by both the said A. H. Harbers and his wife. A. D. McConnico executed a deed to the said A. H. Harbers dated January 29, 1896, by which he conveyed to the said A. H. Harbers the said homestead premises for a recited consideration of $2500, of which $1000 was recited as paid in cash, and the balance as evidenced by three promissory notes for $500 each, of the same date as the deed, payable to the order of the said A. D. McConnico, on January 29, 1897, 1898 and 1899 after date, and signed by A. H. Harbers and H. C. Harbers. The notes recited that they were executed as a part of the consideration of the land described and the retention of the vendor's lien. Both deeds were filed for record at the same time on January 31, 1896, and were duly recorded. The purpose of the conveyances of the land and the execution of the notes was to raise money on the notes. Nothing was paid as a consideration for the execution of the deeds.

McConnico was cashier of the Merchants and Planters Bank of Bryan, and the Levy Bros. were money lenders. According to the testimony of Samuel Levy, about January 14, 1896, he asked McConnico if he, McConnico, knew of any good vendor's lien notes that he could buy. McConnico showed him the three notes signed by A. H. Harbers and H. C. Harbers, payable to himself, and offered to sell them at their face value. Levy declined to buy them but offered to lend McConnico $1500 on his own note with the three vendor's lien notes attached as collateral. McConnico accepted the offer and the loan was made. Levy had resided in Bryan eighteen years and knew Harbers all the time, and that he had occupied all that time the premises in controversy as a homestead, and that he and his family were in possession of and occupying the same at the time he took the note from McConnico. Levy testified that he knew from the notes that some sort of transaction was made by which Harbers and wife could give the notes, but that he had no knowledge or suspicion of any fraudulent arrangement between Harbers and McConnico, and knew nothing of the deeds except such information as was disclosed by the face of the notes; that he did not have the title to the property examined, and made no inquiry as to the notes or transaction on which they were based, and regarding Harbers and McConnico as honorable men, he believed the notes to be all right. Harbers died in January, 1897, before the maturity of the first note. The defendant, his widow, paid the first note, and made payments on the others reducing them to

the amount ascertained by the judgment. She made no objection to the notes, but testified that she made the payments to protect her husband's name. She testified that she did not sign the deed from Harbers and herself to McConnico or the notes sued on; and it was shown by the exhibition of the deed and notes and comparison of signatures admitted to be genuine, that she did not do so. The defendant Elma Morris testified that she signed her mother's name to the deed at the direction of her father. The notary who certified to the acknowledgment testified that the defendant Hattie C. Harbers signed and acknowledged the deed, but on cross-examination it was shown that he was old and near-sighted, and he thought that perhaps the defendant had taken the deed into another room and returned with it signed; also that he had never met the defendant more than two or three times. The amount of the recovery in the judgment is for the balance due on the note. There is no proof in the record of what, if anything, McConnico owed the plaintiffs on his note.

We are of the opinion that the evidence conclusively charges the plaintiffs with notice of the fraud in the transaction in which the notes sued on were executed. Samuel Levy knew all of the parties connected with the transaction. He knew that for eighteen years Harbers with his family had occupied the premises in controversy as a homestead, and that they were residing thereon and in possession thereof when he acquired the notes. The recitals in the notes, and their effect, taken in connection with his previous knowledge, advised him that there must have been a conveyance of the premises from Harbers to McConnico. The deeds were a part of the title which gave the vendor's lien which Levy acquired as the assignee of the notes, and he was bound by such information as they would have given him although he did not have actual knowledge thereof. His conduct showed that his suspicions were aroused because, although he was in search of good vendor's lien notes, he declined to take these except as collateral security to the note of a maker whom he believed good without them. Notwithstanding the knowledge he had that some sort of a transaction had been effected by which Harbers and his wife could make the notes so as to be secured by land which he knew was being occupied by them as a homestead, and had been occupied by them as such for eighteen years, yet there is not one syllable of inquiry made by him either of McConnico or of Harbers or his wife. A simple question suggested by the slightest prudence would have elicited the facts or led to such further inquiry as would have laid bare to an honest search for information the fraud involved in the execution of the notes and their purpose.

If the defendant Hattie C. Harbers did not acknowledge the deed it could not be of any binding force against her, although the plaintiffs had acquired the notes without knowledge of the fraud in their execution and were innocent holders thereof. But the testimony of the notary is sufficient to support the conclusion of the court that she had acknowledged the deed.

It having been shown that the notes were fraudulently executed, without consideration, and for the purpose of raising money with the homestead as security, the burden was on the plaintiffs, although they might be innocent holders thereof, to show what amount was due them on the note for which they were collateral, since there could be no recovery for a greater amount. We are of opinion, however, that upon the undisputed facts of the case judgment should have been rendered for the defendants, hence the judgment of the court below will be reversed and such judgment will be here rendered as should have been rendered.